OPINION OF THE COURT
Bertram R. Gelfand, J.
Decedent’s daughter instituted this pro se application to transmit to the Surrogate’s Court of Beaufort County, South Carolina, a purported will of decedent which was filed in this court but as to which no probate proceeding has been instituted. The instrument is dated May 19, 1983. Petitioner is the nominated executrix and sole beneficiary thereunder. Decedent died on March 30, 1985.
Petitioner concedes that decedent died a domiciliary of Bronx County but contends that the filed instrument should be transmitted because all of decedent’s property (presumably both real and personal) since the time of his death has been located in Beaufort County, South Carolina. The laws of this State preclude the granting of the requested relief.
SCPA 2504 and 2505 are the two statutory provisions which govern the transmission of wills. The caption of SCPA 2504, “Wills to be retained after probate; exceptions”, and subdivision (1) thereof clearly indicate that this provision of the law is only applicable to a “will which has been admitted to probate”. The caption of SCPA 2505, “Transmission of wills of non-domiciliarles and domiciliaries of another county before probate” and the first sentence thereof limit its applicability to a will on file as to *1064 which there is no pending probate proceeding and where decedent “at the time of his death was domiciled elsewhere” than the county where the will is filed. The apparent logic behind these statutory provisions is that there should be a record of decedent’s will in the Surrogate’s Court of the jurisdiction where decedent died domiciled. Such a policy protects not only decedent’s legatees and distributees, but also creditors. This is insured by not permitting a filed instrument to be transmitted unless it has already been admitted to probate, or the court is satisfied that decedent was not domici1 ad in the county where the instrument was originally filed.
In the instant matter, no statutory authority for the transmittal of the will exists. The failure to probate the instrument in Bronx County, where decedent was domiciled, precludes the utilization of SCPA 2504 as a basis for the transmission of the instrument. Likewise, decedent’s having been domiciled in Bronx County at the time of his death precludes the utilization of SCPA 2505 as the basis for the transmission of the instrument as the will of a nondomiciliary.
Accordingly, this decision shall constitute the order of the court denying the instant application to transmit the will, without prejudice to an application seeking the same relief pursuant to SCPA 2504, after the instrument has been admitted to probate, should such an application be necessary with reference to real or personal property presently sited in South Carolina.